# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 09-cr-3019-LRR-3 |
| vs. | **DETENTION ORDER** |
| TERRY JAMES LANGFITT, | |
| Defendant. | |

This matter came before the Court for a detention hearing. Assistant United States Attorney Patrick Reinert appeared on behalf of the United States. Defendant Terry James Langfitt appeared in person and with his attorney, Mark Meyer. Defense counsel proffered facts without objection. The Court received and admitted the Petition to Revoke Supervision (Doc. 323) and its attachments as evidence without objection.

Defendant is on supervised release. On February 8, 2017, defendant appeared for his initial appearance on the Petition to Revoke Supervision (Doc. 328). The government moved for defendant's detention pending the revocation hearing, scheduled for February 16, 2017, at 9:00 a.m. before the Honorable United States District Court Judge Linda R. Reade. Defendant requested release.

On January 7, 2010, defendant was sentenced to 63 months imprisonment and a four-year Term of Supervised Release for conspiring to manufacture 5 grams or more of actual (pure) methamphetamine (Doc. 219). On March 13, 2014, defendant began his term of supervision. On February 20, 2015, defendant's supervised release was revoked. Defendant was sentenced to 18 months imprisonment and a three-year Term of Supervised Release. Defendant's second term of supervision began on May 13, 2016.

During the hearing, defense counsel proffered that defendant is employed at Car Deal in Mason City and if released defendant has a residence available to him.

Pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and Title 18 United States Code Section 3143(a), the burden is on defendant to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. The Court finds that defendant has carried his burden of establishing that he does not pose a risk of nonappearance. There is no evidence before the Court that suggests that defendant poses a risk of flight.

The Court, however, finds that defendant fails his burden to establish by clear and convincing evidence that he is not a danger to the community. The Petition to Revoke Supervision's attachment, Osage Police Department Complaint and Affidavit, states that on February 4, 2017, Officer Evans conducted a traffic stop on defendant at 1:58 a.m. for speeding. (Doc. 323). A preliminary breath test found defendant to have a breath alcohol concentration of .091. Defendant told the officer that he had consumed one drink in Mason City approximately three hours beforehand. On February 5, 2017, defendant contacted his Probation Officer to report his contact with law enforcement and subsequent arrest for the OWI 1st degree. Defendant informed his Probation Officer that he had been drinking alcohol for the past two weeks and had been struggling with his emotions. Consuming alcohol is a violation of special condition #2 (prohibiting the consumption of alcohol) that defendant is subject to on his term of supervision.

The Court finds that defendant speeding—while intoxicated—through a residential area poses a significant danger to the community. Defendant's inability to control his consumption of alcohol when he is barred from doing so while on supervised release, and his decision to get behind the wheel of a vehicle while intoxicated, shows that defendant poses a danger to drink and drive again. Defendant's proffered evidence did

not address this danger and therefore did not prove by clear and convincing evidence that he does not pose a danger to the community.

For these reasons, the government's motion for detention of defendant pending his revocation hearing on February 16, 2017, is **granted**.

**IT IS SO ORDERED** this 9th day of February, 2017.

C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa